UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Dean Heard, | ) | CA No. 9:21-cv-00669-DCC-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Michael Stephan, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jerry Dean Heard ("Petitioner"), a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondent Michael Stephan ("Respondent") filed a Motion for Summary Judgment, along with a Return and Memorandum ("Motion"). ECF Nos. 17, 18. By order filed July 15, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the Motion. ECF No. 19. Petitioner filed a Response in Opposition, ECF No. 21, and Respondent filed a Reply, ECF No. 22. The matter is, therefore, ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the Motion was assigned to the undersigned for a report and recommendation. For the reasons that follow, the Court recommends that Respondent's Motion be granted, and the Petition be dismissed with prejudice.

**I.     BACKGROUND**

The procedural history as described by Respondent has not been disputed by Petitioner in his Response and is set forth as follows. Petitioner is currently confined at the Broad River Correctional Institution pursuant to an order of commitment from the Edgefield County Clerk of

Court. Petitioner was originally indicted by the Edgefield County Grand Jury for two counts of Criminal Sexual Conduct, First Degree (2016- GS-19-385) during its July 2016 term of court. ECF No. 17 at 1; ECF No. 17-1 at 22–24. On July 24, 2017, one of these charges was dismissed, and Petitioner proceeded to a guilty plea hearing on the remaining charge. ECF No. 17 at 1. Petitioner was sentenced to twenty-five years in prison. *Id.* Petitioner did not file a direct appeal of his guilty plea conviction and sentence. *Id.*

Petitioner filed his application for post-conviction relief ("PCR") on June 18, 2018. ECF No. 17-1 at 25–36. The State filed its Return and Partial Motion to Dismiss on November 26, 2018. *Id.* at 37–46. As set forth by the State's Return, Petitioner raised the following grounds in his PCR application:

1. Ineffective Assistance of Counsel;
   a. "[T]rial counsel coerced [A]pplicant into entering a guilty plea through deceptive tacties [sic] when [A]pplicant wished to stand trial by jury[;]"
   b. "[A]pplicant contends that his trial counsel failed to investigate both factual and legal matter[s] to determine if defense can be developed[;]" and
   c. "Counsel failed to hire Expert witness."
2. Prior Bad Acts;
3. Expert Witness Violation;
4. Hearsay Testimony Violation;
5. Failure to perfect an appeal;
6. Involuntary Guilty Plea; and
7. Due Process of Law.
   a. "Due process of Law requires that before a guilty plea can be entered voluntarily and intelligently a defendant must be advised of his privilege against compulsory self- incrimination, the right to trial by jury, and the right to confront one's accusers."

*Id.* at 38 (errors in original). By way of PCR counsel, Petitioner served an Amended Application for Post-Conviction Relief on March 15, 2019. *Id.* at 48–51. The Amended Application set forth the following allegations for relief:

a. Trial counsel was ineffective for failing to properly prepare with the

|   |   |   |
|---|---|---|
|   |   | Applicant to assert a potential alibi defense at trial; |
|   | b. | Trial counsel was ineffective for failing to properly share discovery information with the Applicant; |
|   | c. | Trial counsel was ineffective for failing to ensure that the Applicant sufficiently understood the ramifications of pleading guilty, and as a result the Applicant did not understand his rights and did not enter a knowing, voluntary and intelligent guilty plea; |
|   | d. | Trial counsel was ineffective for allowing his private investigator to coerce the Applicant to plead guilty; |
|   | e. | Trial counsel was ineffective for leading the applicant to believe and/or allowing his private investigator to lead the Applicant to belief that he would receive a five year sentence in exchange for his guilty plea; |
|   | f. | Trial counsel was ineffective for failing to file a notice of appeal. |

*Id.* at 49.

An evidentiary hearing was conducted on April 4, 2019. *Id.* at 53–128. Petitioner, private investigator Donald Kneece, and Petitioner's plea counsel each testified at the PCR evidentiary hearing. *Id.* On April 29, 2019, the PCR judge filed an Order of Dismissal, finding that Petitioner failed to satisfy his burden for relief on any of the alleged grounds for relief. *Id.* at 131–40.

On May 3, 2019, PCR counsel filed a notice of appeal on Petitioner's behalf. ECF No. 17-2. On December 4, 2019, PCR appellate defender filed a *Johnson*[1] Petition for a writ of certiorari, noting that she could find no meritorious grounds for appeal and sought to be relieved as counsel for Petitioner. ECF No. 17-3. The *Johnson* Petition raised a single ground for relief: "Was trial counsel ineffective in allowing his private investigator to coerce the Petitioner into pleading guilty?" ECF No. 17-3 at 3.

On December 5, 2019, the Supreme Court of South Carolina issued its *Johnson* Letter, informing Petitioner of his right to file a *pro se* response to the *Johnson* Petition. ECF No. 17-4. Petitioner did so by filing his *Johnson Pro Se* Response on January 13, 2020. ECF No. 17-5. In

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). A brief filed pursuant to *Anders* effectively concedes that the appeal lacks a meritorious claim and provides a framework for counsel to withdraw. *See id.*; *Johnson*, 364 S.E.2d 201.

3

his *Johnson Pro Se* Response, Petitioner raised the following summarized grounds for relief:

1. Ineffective assistance of counsel for allowing his private investigator to coerce his guilty plea;
2. Ineffective assistance of counsel for not filing an appeal;
3. Ineffective assistance of counsel for not conducting an adequate pretrial investigation and for failing to prepare for trial;
4. Petitioner was never informed of the need for a true billed indictment and that his indictment did not establish subject matter jurisdiction;
5. The State's indictment was improper because of the solicitor's fraud, perjury, and conspiracy;
6. Ineffective assistance of counsel in violation of 14th and 6th amendment, such that counsel failed to investigate both factual and legal matters to determine if a defense could be developed;
7. Ineffective assistance of counsel for failing to properly advise applicant of the full scope of appellate review from an appeal of a guilty plea and for failing to file an appeal on his behalf;
8. Ineffective assistance of counsel for allowing his private investigator to coerce a guilty plea through deceptive acts;
9. Ineffective assistance of counsel for failing to object to a sentence that exceeded the 5 year negotiated sentence from the State and in failing to seek leave to withdraw the guilty plea due to the sentence exceeding the negotiated 5 year plea offer;
10. The guilty plea was not entered knowingly and voluntarily as Petitioner plead guilty with the understanding there would be a 5 year recommendation based upon the sentencing sheet and alleged statements from Mr. Kneece;
11. Alibi defense

*See* ECF No. 17 at 4; ECF No. 17-5. Also on January 13, 2020, the Supreme Court of South Carolina issued an Order transferring the PCR appeal to the South Carolina Court of Appeals, pursuant to Rule 243(l) of the South Carolina Appellate Court Rules. ECF No. 17-6. On November 25, 2020, the South Carolina Court of Appeals issued an Order denying certiorari and dismissing the PCR appeal. ECF No. 17-7. The Remittitur was then issued on December 16, 2020, and filed with the Edgefield County Clerk of Court on December 31, 2020. *See* ECF No. 17-8.

Petitioner filed the current Petition for a writ of habeas corpus on February 23, 2021, by placing it in the mail for filing.[2] ECF No. 1-2 at 1. Petitioner raises the following grounds for relief

---

[2] The Petition was filed in this Court on March 8, 2021; however, Petitioner placed his Petition in

in the form Petition:

> GROUND ONE: Ineffective assistance of counsel, Due Process, Hearsay violation
>
> (Facts): See attached copies enclosed in the argument. The Petitioner alleges his plea was rendered involuntary by ineffective assistance of counsel (1) that counsel failed to render effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance
>
> GROUND FOUR: Counsel failure to review discovery with Petitioner
>
> (Facts): Petitioner alleges counsel did not provide him with discovery and Petitioner also alleges he did not see the victim's statements until shortly before trial was ready to begin

ECF No. 1 at 4, 10 (errors in original). Petitioner raises the following grounds (including elaboration on Ground Two and Three, which were excluded from the form Petition) for relief in his attachment to the Petition[3]:

> GROUND TWO: Due Process
>
> (Facts): Petitioner argues the trial court erred in (PCR) not finding counsel ineffective for failing to allowing his private investigator to coerce the petitioner into pleading guilty? On the morning of trial as defense counsel was in the courtroom preparing for jury qualification Mr. Donald Kneece, a private investigator hired by defense counsel, met with petitioner privately. After the private meeting with the investigator, petitioner was coerce[d] by Mr. Donald Kneece, to plead guilty.
>
> GROUND THREE: Counsel was ineffective for failing to pursue an alibi defense.
>
> (Facts): Applicant was a truck driver. Applicant submitted a record from his employer that purports to show that on the morning of the assault, at around 11: a.m., Applicant purchased gasoline for his truck in Walton, Kentucky a town just South of Cincinnati, Ohio. Applicant claims that because of hills and mountains, and necessary stops, he would have been unable to return to Edgefield county South

---

the prison mailing system on February 23, 2021. *See* ECF No. 1-2 at 1. A pro se prisoner's habeas petition is deemed filed at the time that it is delivered to the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Samuel v. Eagleton*, No. CIV.A. 2:14-666-TMC, 2015 WL 404201, at *1 (D.S.C. Jan. 29, 2015).

[3] Petitioner's grounds are not numbered or clearly captioned in Petitioner's attachment. Accordingly, the Court construes them as best as possible.

Carolina by 11: a.m. the time that the state alleged he picked up the victims.[4]

GROUND FIVE: Improper admission of evidence of a prior bad act.

(Facts): Neither the judge nor the prosecutor explained how the evidence of this alleged prior bad act was admissible against appellant under one of the exceptions in Rule 404(b), SCRE or that the act had been proven by clear and convincing evidence.

GROUND SIX: Petitioner claims that he pled guilty under the belief there would be a recommendation of a five year prison term.

(Facts): Applicant alleges Kneece told him the recommendation would be for five years if he pled guilty. He claims Kneece told him he would be fishing and drinking beer in a short while, implying a short sentence. . . . Applicant also alleges counsel presented him with the sentencing sheet there is a "checked" box indicating that the plea for five years.

GROUND SEVEN: Counsel was ineffective for failing to file a direct appeal on Petitioner's behalf.

GROUND EIGHT: Due Process Claims that his guilty plea failed to comply with the mandates of set forth in *Boykin v. Alabama*.

ECF No. 1-1 at 1–20 (errors in original).

## II.  DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must

---

[4] Petitioner further claims that counsel failed to search for additional alibi witnesses and argues that additional investigation would have revealed other witnesses who could have supported his alibi.

demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Id.* at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

B.  **Federal Habeas Review**

Respondent seeks summary judgment, arguing that the Petition was not timely filed under the applicable one-year statute of limitations. For the following reasons, the Court agrees.

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Additionally, the AEDPA provides that "[a] 1–year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Subsection (d) of the statute provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending *shall not be counted* toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Subsection (d)(1)(A) specifies the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final—i.e. at the conclusion of *direct review*—not after

8

collateral review is completed. *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus, if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.

Additionally, the statute of limitations is tolled during the period "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)[.]" *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled[.]" *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C.

§ 2244(d). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. *Harris*, 209 F.3d at 329–30. In 2010, the United States Supreme Court squarely considered the issue and also held § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court ultimately held that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the State bears the burden of asserting the statute of limitations as an affirmative defense. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Petitioner then bears the burden of establishing his petition is timely or he is entitled to the benefit of the doctrine of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

**1. Petitioner did not timely file his Petition.**

The undersigned finds Petitioner did not timely file his Petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Following his sentencing on July 24, 2017, Petitioner had ten days in which to file a notice of appeal. Rule 203(b)(2), SCACR. Petitioner failed to do so. Therefore, his conviction became final ten days later on August 3, 2017. Petitioner's one-year statute of limitations began to run the following day on August 4, 2017. *See* Fed. R. Civ. P. 6(a) (stating, for computing time, "exclude the day of the event that triggers the period"); *Hernandez*, 225 F.3d at 439 (finding the AEDPA's effective date was April 24, 1996, and "the actual count on the limitations period began on April 25, 1996," the following day). On June 18, 2018, Petitioner filed his PCR application. The statute

of limitations was suspended on this date—after an expiration of 318 days—and continued to be tolled while Petitioner's state PCR action was pending in state court. *See* 28 U.S.C. § 2244(d)(2).

Petitioner's state PCR action ended when the writ of certiorari was denied on November 25, 2020. *See* ECF No. 17-7. The Remittitur was issued on December 16, 2020, and it was filed December 31, 2020. *See* ECF No. 17-8. Accordingly, the statute of limitations was tolled until, at the very latest, December 31, 2020, when the Remittitur was filed. *See Gonzalez v. Thaler*, 565 U.S. 134, 152 n.10 (2012) (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); *Beatty v. Rawski*, 97 F. Supp. 3d 768, 779–80 (D.S.C. 2015) (holding, for purposes of tolling the statute of limitations under § 2244(d)(2), the date the Remittitur was filed in the state circuit court is proper in light of *Gonzalez*); *see also* Rule 221(b), SCACR; *Harleysville Mut. Ins. Co. v. State*, 736 S.E.2d 651, 655 n.2 (S.C. 2012) ("An opinion of an appellate court is not final until the remittitur is filed in the lower court").

The statute of limitations began to run again on the following day: January 1, 2021. Petitioner had until February 16, 2021 (365 days – 318 days = 47 days) to file his federal habeas Petition. Petitioner failed to do so, filing his Petition on February 23, 2021—overshooting his window of time by a week. Consequently, because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).[5]

### 2. Petitioner is not entitled to equitable tolling.

Construing Petitioner's Response liberally, Petitioner appears to argue that he is entitled to equitable tolling because he has little education and no legal skills. *See* ECF No. 21 at 11. He

---

[5] Petitioner attempts to argue in his Response that his filing was timely pursuant to *Jimenez v. Quarterman*, 555 U.S. 113 (2009), which held that when a petitioner is granted the right to file a belated appeal, the limitations period for the filing of a § 2254 petition begins anew. However, Petitioner admits that he was denied a belated appeal, and therefore *Jimenez* is inapposite. *See* ECF No. 21 at 8.

11

further appears to contend that his state appointed attorneys failed him. *See* ECF No. 21 at 11, at 24–26.

To benefit from the doctrine of equitable tolling, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 659 (citation and internal quotation marks omitted); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, a petitioner must show that there were "(1) an extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time").

Here, Petitioner has failed to show extraordinary circumstances prevented him from timely filing. Petitioner's unfamiliarity with how the AEDPA statute of limitations operates does not avail him, as it is well recognized that ignorance of the law does not warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers."); *Grant v. Bush*, No. 6:14-CV-01313-DCN, 2015 WL 4747104, at *8 (D.S.C. Aug. 11, 2015) ("[M]isleading or incorrect advice provided by counsel, such as simple miscalculation that leads a lawyer to miss a filing deadline, is an insufficient justification for the application of equitable tolling." (internal quotation marks and citation omitted)); *Jones v. South Carolina*, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not:* having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates'

advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."). Moreover, included in Petitioner's Response is a letter from Petitioner's Appellate Defender, who very clearly stated that there was a one-year statute of limitations for filing an application for a writ of habeas corpus in federal court. *See* ECF No. 21-1 at 20.

Accordingly, the Petition should be dismissed on statute of limitations grounds.[6] The filing was untimely, and Petitioner has not presented facts sufficient to support an argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting a petitioner has burden of showing equitable tolling). Therefore, the Court recommends that Respondent's Motion be granted, and the Petition be dismissed with prejudice.

---

[6] For the reasons set forth in Respondent's Return and the following authorities, the Court agrees that, even if the Petition were timely, dismissal is still appropriate.

Grounds one, four, five, and eight are procedurally barred, and Petitioner has not shown cause and prejudice to excuse the default. *See* ECF No. 17 at 14–16, 27–28, 31, 33; *see also* 28 U.S.C. § 2254(b); *Murray v. Carrier*, 477 U.S. 478, 490–92 (1986) (noting that the cause and prejudice test applies to both defaults on appeal and those at trial); *Mason v. Warden, Graham Corr. Inst.*, No. 5:15-CV-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. Mar. 20, 2017) (holding that allegations not raised in *Johnson* Petition are procedurally defaulted and finding the petitioner failed to show cause and prejudice to excuse the default); *White v. Burtt*, 2007 WL 709001, at *8 (D.S.C. Mar. 5, 2007) (holding that an issue must be raised to and ruled on by the PCR court in order to be preserved for review (citing *Pruitt v. State*, 423 S.E.2d 127, 127–28 (S.C. 1992))).

Grounds two, three, six, and seven are meritless. *See* ECF No. 17 at 15, 28–33; *see also* 28 U.S.C. § 2254(d), (e)(1); *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance [with respect to failing to file a notice of appeal] is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."); *Valentino v. Clarke*, 972 F.3d 560, 580 (4th Cir. 2020) (noting the question is not whether a federal court considers the state court's determination under the *Strickland* standard to be incorrect, but whether that determination was unreasonable); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (noting, absent "stark and clear" error, federal habeas courts cannot overturn a state court's credibility determination and have no license to redetermine credibility of witnesses whose demeanor has been observed by the state court (citation omitted)); *Molina v. Reynolds*, No. 2:15-CV-01263-RBH, 2016 WL 1089380, at *6 (D.S.C. Mar. 21, 2016) (finding trial counsel not deficient for failing to request an alibi jury charge or argue alibi in his closing "because Petitioner's own proposed timeline indicated it was not impossible for Petitioner to have committed the crime").

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion for Summary Judgment (ECF No. 18) be **GRANTED** and that the Petition be **DISMISSED with prejudice.**

_____
Molly H. Cherry
United States Magistrate Judge

September 27, 2021
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).