IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerry Dean Heard, | ) | Case No. 9:21-cv-00669-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael Stephan, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On July 14, 2021, Respondent filed a Return and Memorandum and a Motion for Summary Judgment. ECF Nos. 17, 18. On September 27, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted and the Petition be denied as untimely. ECF No. 23. Petitioner filed objections to the Report. ECF No. 25.

## APPLICABLE LAW

*Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**Habeas Corpus**

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting

2

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414

(2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 650.

## DISCUSSION

As an initial matter the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court specifically incorporates into this Order by reference.  The Magistrate Judge found that Petitioner failed to file the Petition within the one-year limitations period; accordingly, she determined that the Petition is time-barred.  Petitioner does not directly dispute that his Petition is untimely.  Instead, he argues that he was denied effective assistance of counsel because his attorney failed to file a notice of appeal and that he is entitled to equitable tolling.  ECF No. 25.

4

***Expiration of Limitations Period***

Petitioner's judgments were entered on July 24, 2017, when he was sentenced. App. 1–16. Petitioner had 10 days to file a notice of appeal in the South Carolina Court of Appeals. *See* SCACR 203(b)(2). Because he did not file a direct appeal, Petitioner's judgments became final on August 3, 2017, when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his application for Post-Conviction Relief ("PCR") on June 18, 2018, such that 318 days under the one-year limitations period had elapsed before Petitioner filed his PCR application. App. 23–34. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2); therefore, the statute of limitations was tolled during the period the PCR application was pending—from July 18, 2018, until December 16, 2020, when the remittitur from the appeal from the denial of Petitioner's PCR application was issued.[1] ECF No. 17-8. Thus, the one-year limitations period began to run on December 17, 2020,

---

[1] The remittitur was issued on December 16, 2020, and filed on December 31, 2020. ECF No. 17-8. Courts in this district have disagreed as to whether the date the remittitur is issued or the date the remittitur is filed controls for purposes of calculating the statute of limitations. Even considering the date that the remittitur was filed, the Petition is still untimely. *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 772–76 (D.S.C. 2015) (tolling the statutory deadline until the remittitur is filed).

5

and expired 47 days later on February 2, 2021.[2]  As a result, the Petition—filed on February 23, 2021—is time-barred.[3]

***Equitable Tolling***

A petition filed pursuant to 28 U.S.C. § 2254 can be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 648–49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that she fulfills both elements of the test.  *Yang v. Archuleta*, 525 F. 3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F. 3d 1304, 1307 (11th Cir. 2008)).

Here, Petitioner has not submitted any facts demonstrating that he has been diligently pursuing his rights or that extraordinary circumstances prevented him from timely filing his habeas petition beyond his assertions that, "[g]iven all of these factors" equitable tolling "is the appropriate and just remedy."  ECF No. 25 at 4.  To the extent he intends to argue that he is entitled to equitable tolling because he lacks knowledge of the

---

[2] If the Court were to consider the time as running from January 1, 2021, the statute of limitations would have expired on February 17, 2021.

[3] *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court); *see also* ECF No. 1-2 at 1.

law, courts have found that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Accordingly, Petitioner's objections are overruled.[4]

## CONCLUSION

Therefore, upon de novo review of the record and applicable law, the Court agrees the Magistrate Judge's recommendation that the Petition is time-barred. The Motion for Summary Judgment [18] is **GRANTED** and the Petition is **DISMISSED** as untimely.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[4] To the extent Petitioner intends to argue that he is actually innocent, the Court finds that he has not met the requisite standard. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a habeas petitioner's actual innocence is a valid, though rarely established, basis for excusing the untimeliness of his filing); *see also Hayes v. Carver*, 922 F. 3d 212, 217 (4th Cir. 2019) (to come under this exception to the statute of limitations, the petitioner must show that, "in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt." (citing *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019))); *Smith v. Warden*, No. 7:17CV00072, 2018 WL 3130948, at *2 (W.D. Va. June 26, 2018) ("Pleading guilty does not entirely preclude a petitioner from claiming actual innocence at habeas proceedings; however, guilty pleas and partial confessions 'seriously undermine' the claim." (quoting *Clark v. Clarke*, No. 7:14CV00042, 2017 WL 819500, at *4 (W.D. Va. Mar. 1, 2017))).

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

October 25, 2021
Spartanburg, South Carolina